GEORGE, GDN., APPELLEE, v. RICE, APPELLANT.

[Cite as George v. Rice, 4 Ohio App. 2d 116.]

(No. 7062—Decided January 21, 1964.)

*Messrs. Dresbach, Crabbe, Newlon & Bilger, Mr. Charles E. Brown* and *Mr. Robert L. Herron,* for appellee.
*Messrs. Sebastian, Fais & Durst,* for appellant.

BRYANT, J. This is an appeal on questions of law, having been reduced from an appeal on questions of law and fact. Charles F. Rice, Jr., appellant herein and defendant in the court below, has assigned three errors with respect to the judgment in favor of Frederick C. George, guardian of William Patrick Corbin, appellee herein and plaintiff in the court below.

Corbin and Rice were involved in an automobile accident on April 14, 1959, at Sixth and Main Streets in Columbus, Ohio. Corbin claimed that Rice was the operator of a motor vehicle which collided with his motor vehicle as the result of the negligence of Rice. Negotiations for settlement of the damage claim were carried on between Corbin, then 82 years of age, and a representative of an insurance company on behalf of Rice. On May 20, 1959, the claim was settled for $1,100 and Corbin signed a release of claim. Thereafter, George was appointed guardian of Corbin and filed suit for $25,000 damages against

Rice, the petition setting forth two causes of action. The first alleges that Corbin was senile and mentally incompetent at the time the release was signed and asks the court to set aside the release. The second cause of action relates to the motor vehicle accident of April 14, 1959, alleges that Rice was negligent and prays for $25,000 damages. Only the first cause was tried to the court below. The court below, after hearing all the evidence, found in favor of George and ordered the release set aside.

The first assignment of error reads as follows:

"The trial court erred in overruling the defendant's motion to quash the attempted service of summons upon him."

The precipe for summons attached to the petition gave the address of Rice as 43 Vaughn Road, Delaware, Ohio, but the sheriff returned the summons, "not found." A note fastened to the return states that Rice has left the state of Ohio and his present address is unknown.

George then filed a precipe for service on Rice as a nonresident pursuant to Section 2703.20, Revised Code, asking that the sheriff of Franklin County serve the Secretary of State of Ohio in Columbus and that a copy of the summons be sent by registered mail to Rice at his last known address. The alias summons was issued and bore the date of January 19, 1960, and specifically fixed the return date as February 8, 1960. The sheriff of Franklin County, in his return which was filed with the clerk on February 3, 1960, stated that on January 20, 1960, he served Rice by leaving a copy of the summons and the necessary deposit with the Secretary of State, and further that on January 22, 1960, he served Rice by sending a copy of the summons with all necessary endorsements by registered mail to Rice's last known address—43 Vaughn Road, Delaware, Ohio.

Under the provisions of Section 2703.20, Revised Code, *supra,* it is required that the summons be served upon the Secretary of State "at least fifteen days before the return day of such process." On behalf of Rice, a motion to quash the service of summons was made upon the ground that between January 20, 1960, when service was made on the Secretary of State, and February 3, 1960, when the sheriff filed his return, the intervening period was only fourteen days instead of fifteen days as required by Section 2703.20, *supra.*

The first assignment of error is based upon this question. We think that the ruling of the trial court was correct and it is unnecessary to determine whether there were 14 days or 15 days between January 20, 1960, and February 3, 1960. This is for the reason that "the return day of such process" in Section 2703.20, *supra,* was February 8, 1960.

Under Section 2703.03, Revised Code, it is required that every summons "must be dated the day it is issued." As this action was pending in Franklin County and the last known address of Rice was Delaware County, Ohio, under Section 2703.05, Revised Code, it is required that "the summons shall be returnable" either "on the third or fourth Monday after it is dated." This section further states: "The day of the month on which it is returnable must be stated therein." We judicially notice that February 8, 1960, was the third Monday after January 20, 1960. As this date was clearly stated in the alias summons and as January 20, 1960, is clearly more than 15 days before the return day of this summons, we conclude that the first assignment of error is not well taken and must be overruled.

As a part of the foregoing, we also find no merit in the contention on behalf of Rice that there was insufficient showing that the Delaware address was the last known address of Rice. In this connection, we are also in agreement with the conclusions of the court below.

The second and third assignments of error are as follows:

"2. The judgment of the trial court is contrary to the manifest weight of the evidence.

"3. The judgment of the trial court is contrary to law."

We do not believe the second and third assignments of error are well taken. In our opinion, there is sufficient testimony in the record which, if believed by the court below, would justify the conclusions reached by that court.

For the reasons above set forth, the three assignments of error, and each of them, are not well taken and are, therefore, overruled, the judgment of the court below is affirmed at the costs of the appellant and the cause is remanded for further proceeding in accordance with law.

*Judgment affirmed.*

DUFFY, P. J., and DUFFEY, J., concur.